IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
XAVIER FLORES,                    )  CIVIL NO. 15-00538 HG-RLP
                                  )
            Plaintiff,            )  FINDINGS AND RECOMMENDATION THAT
                                  )  THE DISTRICT COURT DISMISS THE
      vs.                         )  COMPLAINT WITH PREJUDICE AND
                                  )  DENY PLAINTIFF'S APPLICATION TO
U.S. DEPARTMENT OF JUSTICE,       )  PROCEED WITHOUT PREPAYING FEES
U.S. MARSHALS SERVICE, FRED       )  OR COSTS
EDWARDS - SENIOR INSPECTOR        )
U.S.M.S.,                         )
                                  )
            Defendants.           )
_____    )
```

FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT
DISMISS THE COMPLAINT WITH PREJUDICE AND DENY PLAINTIFF'S
APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS[1]

Before the Court is Plaintiff Xavier Flores' Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"), filed on December 29, 2016. ECF No. 2. As discussed below, the Court FINDS AND RECOMMENDS that the district court DISMISS this action with prejudice and DENY Plaintiff's Application.

DISCUSSION

Courts may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees. 28 U.S.C.

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

§ 1915(a)(1).  The Court must subject each civil action commenced pursuant to Section 1915(a) to mandatory screening and order the dismissal of any claim that it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief."  28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to dismiss a § 1915(a) complaint that fails to state a claim); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (holding that the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners).

Additionally, the court may dismiss a complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.  See Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131 (9th Cir. 2008).  Rule 8 requires that a complaint include "a short plain statement of the claim" and that each allegation "be simple, concise, and direct."  Fed. R. Civ. P. 8(a)(2), (d)(1).  A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed *sua sponte* for failure to satisfy Rule 8.  Hearns, 530 F.3d at 1131 (quoting Gillibeau v. City of Richmond, 417 F.2d 426, 431 (9th Cir. 1969)).  A plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662 (2009)

(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Because Plaintiff is appearing pro se in this action, the Court liberally construes the pleadings.  See Bernhardt v. L.A. Cnty., 339 F.3d 920, 925 (9th Cir. 2003).

The Court has reviewed Plaintiff's Complaint and concludes that, even liberally construed, the Complaint fails to state any discernable basis for judicial relief.  Plaintiff states that on December 29, 2015, he spoke with Defendant Edwards "regarding the process to schedule to speak to Chief Federal Judge John Michael Seabright in the District of Hawaii."  ECF No. 1 at 1.  Plaintiff alleges that Defendant Edwards replied that "there is no way."  Id.  Plaintiff states that as relief, he would like the Court to provide "a secure, safe, person to person means of speaking to Chief Federal Judge John Michael Seabright in the District of Hawaii."  Id. at 2.  Plaintiff also requests "to personally review" Defendant Edwards personnel file "for possible use in my future or other project which are of U.S. National Security and/or Classified Top-Secret Status."  Id.

The Court is unable to ascertain any claim or cause of action that Plaintiff is attempting to assert against the named Defendants.  First, the Complaint does not contain a statement of the grounds for jurisdiction, and the Court is unable to discern any basis for jurisdiction from the Complaint.  See Fed. R. Civ. P. 8(a)(1) (stating that the complaint must contain "a short and

plain statement of the grounds for the court's jurisdiction"). Additionally, the United States, its agencies, and its employees acting in their official capacity, are generally immune from suit unless the United States has waived its sovereign immunity. See Balser v. Dep't of Justice, Office of U.S. Tr., 327 F.3d 903, 907 (9th Cir. 2003). Plaintiff does not allege that the United States has waived its sovereign immunity in this action. Accordingly, the Court is without subject mater jurisdiction over this action. See Dep't of Army v. Blue Fox, Inc., 525 U.S. 255, 260 (1999).  Second, although the Complaint contains statements regarding Plaintiff's conversation with Defendant Edwards, Plaintiff does not identify any source of any legal right that would entitle him to the relief he seeks. See Minn. State Bd. For Comm. Colls. v. Knight, 465 U.S. 271, 283 (stating that members of the public "have no constitutional right to force the government to listen to their views"). In sum, the Court finds that Plaintiff's Complaint fails to set forth any cognizable causes of action.[2]

Because it is "absolutely clear that no amendment can cure the defect," the Court RECOMMENDS that the Complaint be DISMISSED WITH PREJUDICE for failure to state a claim.  See Lucas

---

[2] The Court notes that this is the third complaint recently filed by Plaintiff. Plaintiff's prior two complaints were dismissed with prejudice. See Civil No. 15-00408 DKW-RLP, Flores v. Thomas J. Brady; Civil No. 15-00515 DKW-RLP, Flores v. United States of America, Federal Bureau of Investigation.

v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). Because the Court recommends that the Complaint be dismissed, the Court also RECOMMENDS that Plaintiff's Application be DENIED.

CONCLUSION

The Court FINDS AND RECOMMENDS that the district court DISMISS Plaintiff's Complaint WITH PREJUDICE and DENY Plaintiff's Application to Proceed Without Prepaying Fees or Costs.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, DECEMBER 30, 2015.



Richard L. Puglisi
United States Magistrate Judge

**FLORES V. DEP'T OF JUSTICE, ET AL.; CIVIL NO. 15-00538 HG-RLP; FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT DISMISS THE COMPLAINT WITH PREJUDICE AND DENY PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS**